1   AMY W. SCHULMAN
    DLA PIPER LLP
2   1251 Avenue of the Americas
    New York, NY 10020
3   Telephone:  (212) 335-4500
    Facsimile:  (212) 335-4501
4   amy.schulman@dlapiper.com

5   STUART M. GORDON (SBN: 037477)
    GORDON & REES LLP
6   Embarcadero Center West
    275 Battery Street, Suite 2000
7   San Francisco, CA 94111
    Telephone:  (415) 986-5900
8   Facsimile:  (415) 986-8054
    sgordon@gordonrees.com
9
    MICHAEL C. ZELLERS (SBN: 146904)
10  TUCKER ELLIS & WEST LLP
    515 South Flower Street, Suite 4200
11  Los Angeles, CA 90071-2223
    Telephone:  (213) 430-3400
12  Facsimile:  (213) 430-3409
    michael.zellers@tuckerellis.com
13
    Attorneys for Defendants
14  PFIZER INC., PHARMACIA CORPORATION,
    AND G.D. SEARLE LLC
15
                    UNITED STATES DISTRICT COURT
16
                  NORTHERN DISTRICT OF CALIFORNIA
17
                      SAN FRANCISCO DIVISION
18

19  IN RE BEXTRA AND CELEBREX              )   MDL Docket No. 1699
    MARKETING, SALES PRACTICES AND         )
20  PRODUCTS LIABILITY LITIGATION          )   CASE NO. 3:08-cv-1687-CRB
                                           )
21  _This document relates to_             )
                                           )   **PFIZER INC., PHARMACIA**
22  HATTIE AGNEW, et al.,                  )   **CORPORATION, AND G.D.**
                                           )   **SEARLE LLC'S ANSWER TO**
                                           )   **COMPLAINT**
23              Plaintiffs,                )
                                           )
24         vs.                             )   **JURY DEMAND ENDORSED**
                                           )   **HEREIN**
25  PFIZER, INC., PHARMACIA CORPORATION,   )
    G.D. SEARLE LLC, (FKA G.D. SEARLE & CO.), )
26  and DOES 1 through 100,                )
                                           )
27              Defendants.                )
                                           )
28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as

2    "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC

3    ("Searle"), (collectively "Defendants") and file this Answer to Plaintiffs' Complaint

4    ("Complaint"), and would respectfully show the Court as follows:

5    ## I.

6    ## PRELIMINARY STATEMENT

7    The Complaint does not state in sufficient detail when Plaintiffs and Decedents were

8    prescribed or used Bextra® (valdecoxib) ("Bextra®") and Celebrex® (celecoxib)

9    ("Celebrex®"). Accordingly, this Answer can only be drafted generally. Defendants may seek

10   leave to amend this Answer when discovery reveals the specific time periods in which Plaintiffs

11   and Decedents were prescribed and used Bextra® and Celebrex®.

12   ## II.

13   ## ANSWER

14   Answering the unnumbered paragraph preceding Paragraph 1 of the Complaint,

15   Defendants admit that Plaintiffs brought this civil action seeking monetary damages, but deny

16   that Plaintiffs are entitled to any relief or damages. Defendants admit that, during certain

17   periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® and Celebrex® in

18   the United States to be prescribed by healthcare providers who are by law authorized to

19   prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during

20   certain periods of time, Bextra® and Celebrex® were manufactured and packaged for Searle,

21   which developed, tested, marketed, co-promoted and distributed Bextra® and Celebrex® in the

22   United States to be prescribed by healthcare providers who are by law authorized to prescribe

23   drugs in accordance with their approval by the FDA. Defendants state that Bextra® and

24   Celebrex® were and are safe and effective when used in accordance with their FDA-approved

25   prescribing information. Defendants state that the potential effects of Bextra® and Celebrex®

26   were and are adequately described in their FDA-approved prescribing information, which was

27   at all times adequate and comported with applicable standards of care and law. Defendants

28   deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedents

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Allegations Regarding Parties**

1.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding and whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

2.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding and whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

3.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding and whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

4.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding and whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

5.       Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding and whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

6.       Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding and whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

7.       Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding and whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

8.       Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding and whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

9.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding and whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

10.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding and whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

11.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding and whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

12.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding and whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in

2  this paragraph of the Complaint.

3  13.    Defendants are without knowledge or information sufficient to form a belief as to the

4  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

5  citizenship, and, therefore, deny the same.  Defendants are without knowledge or information

6  sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint

7  regarding and whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants

8  deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in

9  this paragraph of the Complaint.

10  14.    Defendants are without knowledge or information sufficient to form a belief as to the

11  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

12  citizenship, and, therefore, deny the same.  Defendants are without knowledge or information

13  sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint

14  regarding and whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants

15  deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in

16  this paragraph of the Complaint.

17  15.    Defendants are without knowledge or information sufficient to form a belief as to the

18  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

19  citizenship, and, therefore, deny the same.  Defendants are without knowledge or information

20  sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint

21  regarding and whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants

22  deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in

23  this paragraph of the Complaint.

24  16.    Defendants are without knowledge or information sufficient to form a belief as to the

25  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

26  citizenship, and, therefore, deny the same.  Defendants are without knowledge or information

27  sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint

28  regarding and whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1   deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in

2   this paragraph of the Complaint.

3   17.    Defendants are without knowledge or information sufficient to form a belief as to the

4   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

5   citizenship, and, therefore, deny the same.  Defendants are without knowledge or information

6   sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint

7   regarding and whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants

8   deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in

9   this paragraph of the Complaint.

10  18.    Defendants are without knowledge or information sufficient to form a belief as to the

11  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

12  citizenship, and, therefore, deny the same.  Defendants are without knowledge or information

13  sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint

14  regarding and whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants

15  deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in

16  this paragraph of the Complaint.

17  19.    Defendants are without knowledge or information sufficient to form a belief as to the

18  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

19  citizenship, and, therefore, deny the same.  Defendants are without knowledge or information

20  sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint

21  regarding and whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants

22  deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in

23  this paragraph of the Complaint.

24  20.    Defendants are without knowledge or information sufficient to form a belief as to the

25  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

26  citizenship, and, therefore, deny the same.  Defendants are without knowledge or information

27  sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint

28  regarding and whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1   deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in

2   this paragraph of the Complaint.

3   21.    Defendants are without knowledge or information sufficient to form a belief as to the

4   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

5   citizenship, and, therefore, deny the same.  Defendants are without knowledge or information

6   sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint

7   regarding and whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants

8   deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in

9   this paragraph of the Complaint.

10  22.    Defendants are without knowledge or information sufficient to form a belief as to the

11  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

12  citizenship, and, therefore, deny the same.  Defendants are without knowledge or information

13  sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint

14  regarding and whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants

15  deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in

16  this paragraph of the Complaint.

17  23.    Defendants are without knowledge or information sufficient to form a belief as to the

18  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

19  citizenship, and, therefore, deny the same.  Defendants are without knowledge or information

20  sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint

21  regarding and whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants

22  deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in

23  this paragraph of the Complaint.

24  24.    Defendants are without knowledge or information sufficient to form a belief as to the

25  truth of the allegations in this paragraph of the Complaint regarding Plaintiffs' age and

26  citizenship, and, therefore, deny the same.  Defendants are without knowledge or information

27  sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint

28  regarding and whether Plaintiffs' used Celebrex®, and, therefore, deny the same.  Defendants

1    deny that Celebrex® caused Plaintiffs injury or damage and deny the remaining allegations in
2    this paragraph of the Complaint.

3    25.    Defendants are without knowledge or information sufficient to form a belief as to the
4    truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and
5    citizenship, and, therefore, deny the same.  Defendants are without knowledge or information
6    sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint
7    regarding and whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants
8    deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in
9    this paragraph of the Complaint.

10    26.    Defendants are without knowledge or information sufficient to form a belief as to the
11    truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and
12    citizenship, and, therefore, deny the same.  Defendants are without knowledge or information
13    sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint
14    regarding and whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants
15    deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in
16    this paragraph of the Complaint.

17    27.    Defendants are without knowledge or information sufficient to form a belief as to the
18    truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and
19    citizenship, and, therefore, deny the same.  Defendants are without knowledge or information
20    sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint
21    regarding and whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants
22    deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in
23    this paragraph of the Complaint.

24    28.    Defendants are without knowledge or information sufficient to form a belief as to the
25    truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and
26    citizenship, and, therefore, deny the same.  Defendants are without knowledge or information
27    sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint
28    regarding and whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

29.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding and whether Plaintiff used Bextra® and Celebrex®, and, therefore, deny the same. Defendants deny that Bextra® or Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

30.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, and, and whether Plaintiff is the heir of Decedent, and, therefore, deny the same.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding and whether Decedent used Celebrex®, and, therefore, deny the same.  Defendants deny that Celebrex® caused Plaintiff or Decedent injury or damage and deny the remaining allegations in this paragraph of the Complaint.

31.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, and, and whether Plaintiff is the heir of Decedent, and, therefore, deny the same.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding and whether Decedent used Celebrex®, and, therefore, deny the same.  Defendants deny that Celebrex® caused Plaintiff or Decedent injury or damage and deny the remaining allegations in this paragraph of the Complaint.

32.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, and, and whether Plaintiff is the heir of Decedent, and, therefore, deny the same.  Defendants

are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding and whether Decedent used Celebrex®, and, therefore, deny the same. Defendants deny that Celebrex® caused Plaintiff or Decedent injury or damage and deny the remaining allegations in this paragraph of the Complaint.

33.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, and, and whether Plaintiff is the heir of Decedent, and, therefore, deny the same. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding and whether Decedent used Celebrex®, and, therefore, deny the same. Defendants deny that Celebrex® caused Plaintiff or Decedent injury or damage and deny the remaining allegations in this paragraph of the Complaint.

34.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, and, and whether Plaintiff is the heir of Decedent, and, therefore, deny the same. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding and whether Decedent used Celebrex®, and, therefore, deny the same. Defendants deny that Celebrex® caused Plaintiff or Decedent injury or damage and deny the remaining allegations in this paragraph of the Complaint.

35.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, and, and whether Plaintiff is the heir of Decedent, and, therefore, deny the same. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding and whether Decedent used Celebrex®, and, therefore, deny the same. Defendants deny that Celebrex® caused Plaintiff or Decedent injury or damage and deny the remaining allegations in this paragraph of the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Complaint.

2    36.    Defendants are without knowledge or information sufficient to form a belief as to the

3    truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

4    and, and whether Plaintiff is the heir of Decedent, and, therefore, deny the same.  Defendants

5    are without knowledge or information sufficient to form a belief as to the truth of the

6    allegations in this paragraph of the Complaint regarding and whether Decedent used

7    Celebrex®, and, therefore, deny the same.  Defendants deny that Celebrex® caused Plaintiff or

8    Decedent injury or damage and deny the remaining allegations in this paragraph of the

9    Complaint.

10    37.    Defendants are without knowledge or information sufficient to form a belief as to the

11    truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

12    and, and whether Plaintiff is the heir of Decedent, and, therefore, deny the same.  Defendants

13    are without knowledge or information sufficient to form a belief as to the truth of the

14    allegations in this paragraph of the Complaint regarding and whether Decedent used

15    Celebrex®, and, therefore, deny the same.  Defendants deny that Celebrex® caused Plaintiff or

16    Decedent injury or damage and deny the remaining allegations in this paragraph of the

17    Complaint.

18    38.    Defendants are without knowledge or information sufficient to form a belief as to the

19    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs are the

20    heirs of Decedents, and, therefore, deny the same.  Defendants are without knowledge or

21    information sufficient to form a belief as to the truth of the allegations in this paragraph of the

22    Complaint regarding and whether Decedents used Bextra® and Celebrex®, and, therefore, deny

23    the same.  Defendants deny that Bextra® and Celebrex® caused Plaintiffs or Decedents injury

24    or damage and deny the remaining allegations in this paragraph of the Complaint.

25    39.    Defendants admit that Pfizer is a Delaware corporation with its principal place of

26    business in New York.  Defendants admit that, as the result of a merger in April 2003,

27    Pharmacia became a subsidiary of Pfizer.  Defendants state that the allegations in this paragraph

28    of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  are without knowledge or information sufficient to form a belief as to the truth of such

2  allegations, and, therefore, deny the same. Defendants admit that, during certain periods of

3  time, Pfizer marketed and co-promoted Bextra® and Celebrex® in the United States, including

4  California, to be prescribed by healthcare providers who are by law authorized to prescribe

5  drugs in accordance with their approval by the FDA. Defendants deny the remaining

6  allegations in this paragraph of the Complaint.

7  40.    Defendants admit that Searle is a Delaware limited liability company with its principal

8  place of business in Illinois. Defendants admit that Pharmacia acquired Searle in 2000 and that,

9  as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

10  Defendants admit that, during certain periods of time, Bextra® and Celebrex® were

11  manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

12  distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare

13  providers who are by law authorized to prescribe drugs in accordance with their approval by the

14  FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

15  41.    Defendants admit that Pharmacia is a Delaware corporation with its principal place of

16  business in New Jersey. Defendants admit that Pharmacia acquired Searle in 2000 and that, as

17  the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

18  Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted

19  Bextra® and Celebrex® in the United States, including Michigan, Georgia, Ohio, Illinois, Utah,

20  Florida, New York, Washington, Virginia, Texas, Louisiana, Minnesota, Colorado, New

21  England, North Carolina, Maryland, Missouri, Kentucky, Pennsylvania, Massachusetts,

22  Arkansas, and California, to be prescribed by healthcare providers who are by law authorized to

23  prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining

24  allegations in this paragraph of the Complaint.

25  42.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

26  and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare

27  providers who are by law authorized to prescribe drugs in accordance with their approval by the

28  FDA. Defendants admit that, during certain periods of time, Bextra® and Celebrex® were

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

ANSWER TO COMPLAINT – 3:08-cv-1687-CRB

1    manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

2    distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare

3    providers who are by law authorized to prescribe drugs in accordance with their approval by the

4    FDA.   Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a

5    merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.   Defendants deny

6    the remaining allegations in this paragraph of the Complaint.

7    43.    Defendants state that the allegations in this paragraph of the Complaint are not directed

8    towards Defendants and, therefore, no response is required.   To the extent that a response is

9    deemed required, Defendants state that Plaintiffs fail to provide the proper context for the

10   allegations in this paragraph of the Complaint.   Defendants lack knowledge or information

11   sufficient to form a belief as to the truth of such allegations and, therefore, deny the same.

12   44.    Defendants state that this paragraph of the Complaint contains legal contentions to

13   which no response is required.   To the extent that a response is deemed required, Defendants

14   state that the allegations in this paragraph of the Complaint are not directed towards Defendants

15   and, therefore, no response is required.

16   45.    Defendants state that the allegations in this paragraph of the Complaint are not directed

17   towards Defendants and, therefore, no response is required.   To the extent that a response is

18   deemed required, Defendants state that Plaintiffs fail to provide the proper context for the

19   allegations in this paragraph of the Complaint.   Defendants lack knowledge or information

20   sufficient to form a belief as to the truth of such allegations and, therefore, deny the same.

21   46.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

22   and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare

23   providers who are by law authorized to prescribe drugs in accordance with their approval by the

24   FDA.   Defendants admit that, during certain periods of time, Bextra® and Celebrex® were

25   manufactured  and packaged for Searle, which developed, tested, marketed, co-promoted and

26   distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare

27   providers who are by law authorized to prescribe drugs in accordance with their approval by the

28   FDA.   Defendants state that Bextra® and Celebrex® were and are safe and effective when used

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

47.    Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

**Response to Allegations Regarding Jurisdiction and Venue**

48.    Defendants are without knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and the amount in controversy, and, therefore, deny the same. However, Defendants admit that Plaintiffs claim that the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs.

49.    Defendants are without knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the judicial district in which the asserted claims allegedly arose and, therefore, deny the same. Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants deny committing a tort in the States of Michigan, Georgia, Ohio, Illinois, Utah, Florida, New York, Washington, Virginia, Texas, Louisiana, Minnesota, Colorado, New England, North Carolina, Maryland, Missouri, Kentucky, Pennsylvania, Massachusetts, Arkansas, or California and deny the remaining allegations in this paragraph of the Complaint.

50.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® and Celebrex® in the United States, including California, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra®

and Celebrex® were manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that Pfizer, Pharmacia, and Searle are registered to and do business in the State of California. Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny committing a tort in the States of Michigan, Georgia, Ohio, Illinois, Utah, Florida, New York, Washington, Virginia, Texas, Louisiana, Minnesota, Colorado, New England, North Carolina, Maryland, Missouri, Kentucky, Pennsylvania, Massachusetts, Arkansas, and California, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Allegations Regarding Interdistrict Assignment**

51.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac. and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial Panel on Multidistrict Litigation on September 6, 2005.

**Response to Factual Allegations**

52.    Defendants state that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older. Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® and Celebrex® were manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

53.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® and Celebrex® were manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

54.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

2    rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Plaintiffs fail to

3    provide the proper context for the remaining allegations in this paragraph of the Complaint.

4    Defendants lack knowledge or information sufficient to form a belief as to the truth of such

5    allegations and, therefore, deny the same.  Defendants deny the remaining allegations in this

6    paragraph of the Complaint.

7    55.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

8    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

9    by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

10    admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

11    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

12    be prescribed by healthcare providers who are by law authorized to prescribe drugs in

13    accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

14    paragraph of the Complaint.

15    56.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

16    used in accordance with their FDA-approved prescribing information.  Defendants state that the

17    potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

18    approved prescribing information, which was at all times adequate and comported with

19    applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

20    Bextra® or Celebrex® are defective, deny that Bextra® or Celebrex® caused Plaintiffs or

21    Decedents injury or damage, and deny the remaining allegations in this paragraph of the

22    Complaint.

23    57.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

24    Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph

25    of the Complaint.

26    58.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

27    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

28    by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

2    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

3    be prescribed by healthcare providers who are by law authorized to prescribe drugs in

4    accordance with their approval by the FDA. Defendants deny the remaining allegations in this

5    paragraph of the Complaint.

6    59.    Defendants are without knowledge or information sufficient to form a belief as to the

7    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

8    Decedents used Bextra® and, therefore, deny the same. Defendants state that Bextra® and

9    Celebrex® were and are safe and effective when used in accordance with their FDA-approved

10   prescribing information. Defendants state that the potential effects of Bextra® and Celebrex®

11   were and are adequately described in their FDA-approved prescribing information, which was

12   at all times adequate and comported with applicable standards of care and law. Defendants

13   deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedents

14   injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

15   60.    Defendants state that the referenced article speaks for itself and respectfully refer the

16   Court to the article for its actual language and text. Any attempt to characterize the article is

17   denied. Defendants state that Celebrex® was and is safe and effective when used in accordance

18   with its FDA-approved prescribing information. Defendants deny the remaining allegations in

19   this paragraph of the Complaint.

20   61.    Defendants state that the referenced article speaks for itself and respectfully refer the

21   Court to the article for its actual language and text. Any attempt to characterize the article is

22   denied. Defendants state that Celebrex® was and is safe and effective when used in accordance

23   with its FDA-approved prescribing information. Defendants deny the remaining allegations in

24   this paragraph of the Complaint.

25   62.    Defendants state that the referenced FDA Updates speak for themselves and respectfully

26   refer the Court to the FDA Updates for their actual language and text. Any attempt to

27   characterize the FDA Updates is denied. Defendants state that Bextra® and Celebrex® were

28   and are safe and effective when used in accordance with their FDA-approved prescribing

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are

2    adequately described in their FDA-approved prescribing information, which was at all times

3    adequate and comported with applicable standards of care and law.  Defendants deny the

4    remaining allegations in this paragraph of the Complaint.

5    63.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

6    used in accordance with their FDA-approved prescribing information.  Defendants state that the

7    potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

8    approved prescribing information, which was at all times adequate and comported with

9    applicable standards of care and law.  Defendants deny the remaining allegations in this

10    paragraph of the Complaint.

11    64.    Defendants state that Celebrex® was and is safe and effective when used in accordance

12    with its FDA-approved prescribing information.  Defendants state that the potential effects of

13    Celebrex® were and are adequately described in its FDA-approved prescribing information,

14    which was at all times adequate and comported with applicable standards of care and law.

15    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

16    the Complaint.

17    65.    Defendants admit that a supplemental NDA for Celebrex® was submitted to the FDA

18    on June 12, 2000.  Defendants assert that the submission speaks for itself and any attempt to

19    characterize it is denied.  Defendants admit that a Medical Officer Review dated September 20,

20    2000, was completed by the FDA.  Defendants state that the referenced study speaks for itself

21    and respectfully refer the Court to the study for its actual language and text.  Any attempt to

22    characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of

23    the Complaint.

24    66.    Defendants state that the referenced article speaks for itself and respectfully refer the

25    Court to the article for its actual language and text.  Any attempt to characterize the article is

26    denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

27    67.    Defendants state that the referenced study speaks for itself and respectfully refer the

28    Court to the study for its actual language and text.  Any attempt to characterize the study is

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1   denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

2   paragraph of the Complaint.

3   68.    Defendants state that the Medical Officer Review speaks for itself and respectfully refer

4   the Court to the Medical Officer Review for its actual language and text.  Any attempt to

5   characterize the Medical Officer Review is denied.  Defendants deny any wrongful conduct and

6   deny the remaining allegations in this paragraph of the Complaint.

7   69.    Defendants state that the transcripts of the FDA Arthritis Drugs Advisory Committee

8   hearings speak for themselves and respectfully refer the Court to the transcripts for their actual

9   language and text.  Any attempt to characterize the transcripts is denied.  Defendants deny any

10  wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

11  70.    Defendants state that the referenced articles speak for themselves and respectfully refer

12  the Court to the articles for their actual language and text.  Any attempt to characterize the

13  articles is denied.  Defendants state that the referenced study speaks for itself and respectfully

14  refer the Court to the study for its actual language and text.  Any attempt to characterize the

15  study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

16  71.    Defendants state that the referenced article speaks for itself and respectfully refer the

17  Court to the article for its actual language and text.  Any attempt to characterize the article is

18  denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

19  paragraph of the Complaint.

20  72.    Defendants state that the referenced articles speak for themselves and respectfully refer

21  the Court to the articles for their actual language and text.  Any attempt to characterize the

22  articles is denied.   Defendants deny the remaining allegations in this paragraph of the

23  Complaint.

24  73.    Defendants state that the referenced article speaks for itself and respectfully refer the

25  Court to the article for its actual language and text.  Any attempt to characterize the article is

26  denied.  Defendants state that the referenced study speaks for itself and respectfully refer the

27  Court to the study for its actual language and text.  Any attempt to characterize the study is

28  denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

ANSWER TO COMPLAINT – 3:08-cv-1687-CRB

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

74.     Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

75.     Plaintiffs fail to provide the proper context for the allegations concerning "Public Citizen" in this paragraph of the Complaint.  Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

76.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

77.     Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Plaintiffs fail to provide the proper context for the allegations concerning "Public Citizen" in this paragraph of the Complaint.  Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

78.     Defendants admit that there was a clinical trial called APC.  Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

79.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Plaintiffs fail to provide the proper context for the allegations concerning "Data Safety Monitoring Board" in this paragraph of the Complaint.  Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

80.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

81.     Defendants deny the allegations in this paragraph of the Complaint.

82.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

83.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

84.     Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

85.     Defendants admit that there was a clinical trial called PreSAP.  Plaintiffs fail to provide the proper context for the allegations concerning "other Celebrex trials" contained in this paragraph of the Complaint.  Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, deny the same.  As for the allegations in this paragraph of the Complaint regarding the PreSAP study, Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

86.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

87.     Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx®.  Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    state that the referenced studies speak for themselves and respectfully refer the Court to the

2    studies for their actual language and text.  Any attempt to characterize the studies is denied.

3    Defendants deny the remaining allegations in this paragraph of the Complaint.

4    88.    Defendants state that the referenced Medical Officer Review speaks for itself and

5    respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

6    attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

7    allegations in this paragraph of the Complaint.

8    89.    Defendants state that allegations regarding Vioxx® in this paragraph of the Complaint

9    are not directed toward Defendants, and therefore no response is required.  To the extent that a

10    response is deemed required, Plaintiffs fail to provide the proper context for the allegations in

11    this paragraph of the Complaint regarding Vioxx®.  Defendants lack knowledge or information

12    sufficient to form a belief as to the truth of such allegations and, therefore, deny the same.

13    Defendants state that the referenced study speaks for itself and respectfully refer the Court to

14    the study for its actual language and text.  Any attempt to characterize the study is denied.

15    Defendants deny the remaining allegations in this paragraph of the Complaint.

16    90.    Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the

17    Complaint are not directed toward Defendants, and therefore no response is required.  To the

18    extent that a response is deemed required, Plaintiffs fail to provide the proper context for the

19    allegations in this paragraph of the Complaint regarding Merck and Vioxx®. Defendants lack

20    knowledge or information sufficient to form a belief as to the truth of such allegations and,

21    therefore, deny the same.  Defendants state that the referenced study speaks for itself and

22    respectfully refer the Court to the study for its actual language and text.  Any attempt to

23    characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of

24    the Complaint.

25    91.    Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the

26    Complaint are not directed toward Defendants, and therefore no response is required.  To the

27    extent that a response is deemed required, Plaintiffs fail to provide the proper context for the

28    allegations in this paragraph of the Complaint regarding Merck and Vioxx®.  Defendants lack

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   knowledge or information sufficient to form a belief as to the truth of such allegations and,

2   therefore, deny the same.  Defendants state that the referenced study speaks for itself and

3   respectfully refer the Court to the study for its actual language and text.  Any attempt to

4   characterize the study is denied.  Defendants state that the referenced article speaks for itself

5   and respectfully refer the Court to the article for its actual language and text.  Any attempt to

6   characterize the article is denied.  Defendants deny the remaining allegations in this paragraph

7   of the Complaint.

8   92.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

9   used in accordance with their FDA-approved prescribing information.  Defendants deny the

10  allegations in this paragraph of the Complaint.

11  93.    Defendants state that the referenced article speaks for itself and respectfully refer the

12  Court to the article for its actual language and text.  Any attempt to characterize the article is

13  denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

14  94.    Defendants state that allegations in this paragraph of the Complaint are not directed

15  toward Defendants, and therefore no response is required.  To the extent that a response is

16  deemed required, Defendants state that the referenced article speaks for itself and respectfully

17  refer the Court to the article for its actual language and text.  Any attempt to characterize the

18  article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

19  95.    Defendants state that Celebrex® was and is safe and effective when used in accordance

20  with its FDA-approved prescribing information.  Defendants state that the potential effects of

21  Celebrex® were and are adequately described in its FDA-approved prescribing information,

22  which was at all times adequate and comported with applicable standards of care and law.

23  Defendants deny any wrongful conduct and deny the remaining allegations contained in this

24  paragraph of the Complaint.

25  96.    Defendants state that Celebrex® was and is safe and effective when used in accordance

26  with its FDA-approved prescribing information.  Defendants state that the potential effects of

27  Celebrex® were and are adequately described in its FDA-approved prescribing information,

28  which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-25-

ANSWER TO COMPLAINT – 3:08-cv-1687-CRB

1    Defendants deny any wrongful conduct and deny the remaining allegations contained in this

2    paragraph of the Complaint.

3    97.    Defendants state that Celebrex® was and is safe and effective when used in accordance

4    with its FDA-approved prescribing information.  Defendants state that the potential effects of

5    Celebrex® were and are adequately described in its FDA-approved prescribing information,

6    which was at all times adequate and comported with applicable standards of care and law.

7    Defendants deny any wrongful conduct and deny the remaining allegations contained in this

8    paragraph of the Complaint.

9    98.    Defendants deny any wrongful conduct and deny the remaining allegations contained in

10   this paragraph of the Complaint.

11   99.    Defendants state that Celebrex® was and is safe and effective when used in accordance

12   with its FDA-approved prescribing information.  Defendants state that the potential effects of

13   Celebrex® were and are adequately described in its FDA-approved prescribing information,

14   which was at all times adequate and comported with applicable standards of care and law.

15   Defendants deny any wrongful conduct and deny the remaining allegations contained in this

16   paragraph of the Complaint.

17   100.   Defendants are without knowledge or information sufficient to form a belief as to the

18   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

19   Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that Bextra® and

20   Celebrex® were and are safe and effective when used in accordance with their FDA-approved

21   prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex®

22   were and are adequately described in their FDA-approved prescribing information, which was

23   at all times adequate and comported with applicable standards of care and law.  Defendants

24   deny any wrongful conduct, deny that Bextra® and Celebrex® are unreasonably dangerous,

25   and deny the remaining allegations in this paragraph of the Complaint.

26   101.   Defendants admit that the FDA Division of Drug Marketing, Advertising, and

27   Communications ("DDMAC") sent letters to Searle dated October 6, 1999, April 6, 2000, and

28   November 14, 2000.  Defendants state that the referenced letters speak for themselves and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  respectfully refer the Court to the letters for their actual language and text.  Any attempt to

2  characterize the letters is denied.  Defendants deny the remaining allegations in this paragraph

3  of the Complaint.

4  102.    Defendants admit that the DDMAC sent a letter to Pharmacia dated February 1, 2001.

5  Defendants state that the referenced letter speaks for itself and respectfully refer the Court to

6  the letter for its actual language and text.  Any attempt to characterize the letter is denied.

7  Defendants deny the remaining allegations in this paragraph of the Complaint.

8  103.    Defendants state that the referenced article speaks for itself and respectfully refer the

9  Court to the article for its actual language and text.  Any attempt to characterize the article is

10  denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

11  104.    Defendants admit that the DDMAC sent a letter to Pfizer dated January 10, 2005.

12  Defendants state that the referenced letter speaks for itself and respectfully refer the Court to

13  the letter for its actual language and text.  Any attempt to characterize the letter is denied.

14  Defendants deny the remaining allegations in this paragraph of the Complaint.

15  105.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

16  and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare

17  providers who are by law authorized to prescribe drugs in accordance with their approval by the

18  FDA.  Defendants admit that, during certain periods of time, Bextra® and Celebrex® were

19  manufactured  and packaged for Searle, which developed, tested, marketed, co-promoted and

20  distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare

21  providers who are by law authorized to prescribe drugs in accordance with their approval by the

22  FDA.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used

23  in accordance with their FDA-approved prescribing information.  Defendants state that the

24  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

25  approved prescribing information, which was at all times adequate and comported with

26  applicable standards of care and law.  Defendants deny the remaining allegations in this

27  paragraph of the Complaint.

28  106.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare

2   providers who are by law authorized to prescribe drugs in accordance with their approval by the

3   FDA.   Defendants admit that, during certain periods of time, Bextra® and Celebrex® were

4   manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

5   distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare

6   providers who are by law authorized to prescribe drugs in accordance with their approval by the

7   FDA.  Defendants state that Celebrex® is a prescription medication which is approved by the

8   FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2)

9   for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of

10  acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of

11  adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual

12  care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing

13  spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in

14  patients two years of age and older. Defendants admit, as indicated in the package insert

15  approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms

16  of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary

17  dysmenorrhea.  Defendants state that Bextra® and Celebrex® were and are safe and effective

18  when used in accordance with their FDA-approved prescribing information.  Defendants state

19  that the potential effects of Bextra® and Celebrex® were and are adequately described in their

20  FDA-approved prescribing information, which was at all times adequate and comported with

21  applicable standards of care and law.   Defendants deny any wrongful conduct and deny the

22  remaining allegations in this paragraph of the Complaint.

23  107.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

24  used in accordance with their FDA-approved prescribing information.  Defendants state that the

25  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

26  approved prescribing information, which at all times was adequate and comported with

27  applicable standards of care and law.  Defendants state that Plaintiffs' allegations regarding

28  "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

1    information to form a belief as to the truth of such allegations, and, therefore, deny the same.

2    Defendants deny any wrongful conduct, deny that Bextra® and Celebrex® are defective, and

3    deny the allegations in this paragraph of the Complaint.

4    108.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

5    and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare

6    providers who are by law authorized to prescribe drugs in accordance with their approval by the

7    FDA.    Defendants admit that, during certain periods of time, Bextra® and Celebrex® were

8    manufactured  and packaged for Searle, which developed, tested, marketed, co-promoted and

9    distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare

10   providers who are by law authorized to prescribe drugs in accordance with their approval by the

11   FDA.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used

12   in accordance with their FDA-approved prescribing information.  Defendants state that the

13   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

14   approved prescribing information, which was at all times adequate and comported with

15   applicable standards of care and law.  Defendants deny the remaining allegations in this

16   paragraph of the Complaint.

17   109.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

18   and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare

19   providers who are by law authorized to prescribe drugs in accordance with their approval by the

20   FDA.    Defendants admit that, during certain periods of time, Bextra® and Celebrex® were

21   manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

22   distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare

23   providers who are by law authorized to prescribe drugs in accordance with their approval by the

24   FDA.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used

25   in accordance with their FDA-approved prescribing information.  Defendants state that the

26   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

27   approved prescribing information, which at all times was adequate and comported with

28   applicable standards of care and law.  Defendants deny the remaining allegations in this

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

ANSWER TO COMPLAINT – 3:08-cv-1687-CRB

1    paragraph of the Complaint.

2    110.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

3    used in accordance with their FDA-approved prescribing information.  Defendants state that the

4    potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

5    approved prescribing information, which was at all times adequate and comported with

6    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

7    remaining allegations in this paragraph of the Complaint.

8    111.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

9    used in accordance with their FDA-approved prescribing information.  Defendants state that the

10   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

11   approved prescribing information, which was at all times adequate and comported with

12   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

13   remaining allegations in this paragraph of the Complaint.

14   112.    Defendants deny the allegations in this paragraph of the Complaint.

15   113.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

16   used in accordance with their FDA-approved prescribing information.  Defendants state that the

17   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

18   approved prescribing information, which was at all times adequate and comported with

19   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

20   remaining allegations in this paragraph of the Complaint.

21   114.    Defendants are without knowledge or information sufficient to form a belief as to the

22   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

23   Decedents used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was

24   and is safe and effective when used in accordance with its FDA-approved prescribing

25   information.  Defendants state that the potential effects of Celebrex® were and are adequately

26   described in its FDA-approved prescribing information, which was at all times adequate and

27   comported with applicable standards of care and law.  Defendants deny any wrongful conduct

28   and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    115.    Defendants are without knowledge or information sufficient to form a belief as to the

2    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

3    Decedents used Bextra® and Celebrex® and, therefore, deny the same.  Defendants deny any

4    wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedents injury or

5    damage, and deny the remaining allegations in this paragraph of the Complaint.

6    116.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

7    used in accordance with their FDA-approved prescribing information.  Defendants state that the

8    potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

9    approved prescribing information, which was at all times adequate and comported with

10    applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

11    Bextra® and Celebrex® are defective, and deny the remaining allegations in this paragraph of

12    the Complaint.

13    117.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

14    used in accordance with their FDA-approved prescribing information.  Defendants state that the

15    potential effects of Bextra® and Celebrex® are and were adequately described in their FDA-

16    approved prescribing information, which was at all times adequate and comported with

17    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

18    remaining allegations in this paragraph of the Complaint.

19    118.    Defendants state that the referenced study speaks for itself and respectfully refer the

20    Court to the study for its actual language and text.  Any attempt to characterize the study is

21    denied.  Defendants state that Bextra® and Celebrex® were and are safe and effective when

22    used in accordance with their FDA-approved prescribing information.  Defendants state that the

23    potential effects of Bextra® and Celebrex® are and were adequately described in their FDA-

24    approved prescribing information, which was at all times adequate and comported with

25    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

26    remaining allegations in this paragraph of the Complaint.

27    119.    Defendants deny any wrongful conduct and deny the remaining allegations in this

28    paragraph of the Complaint.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

120.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedents used Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® are and were adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

121.    Defendants state that, as stated in the FDA-approved labeling for Bextra®, "[t]he mechanism of action is believed to be due to inhibition of prostaglandin synthesis primarily through inhibition of cyclooxygenase-2 (COX-2).  At therapeutic plasma concentrations in humans valdecoxib does not inhibit cyclooxygenase-1 (COX-1)."  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Plaintiffs do not allege that Plaintiffs or Decedents used Celebrex® in this Complaint.  Nevertheless, Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint regarding Vioxx®, aspirin, and ibuprofen.  Defendants therefore lack knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

122.    Defendants admit that Bextra® was approved by the FDA on November 16, 2001.  Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of

time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the remaining allegations in this paragraph of the Complaint.

123.    Defendants admit that Bextra® is in a class of drugs that is, at times, referred to as non-steroidal anti-inflammatory drugs ("NSAIDS"). Defendants state that, as stated in the FDA-approved labeling for Bextra®, "[t]he mechanism of action is believed to be due to inhibition of prostaglandin synthesis primarily through inhibition of cyclooxygenase-2 (COX-2). At therapeutic plasma concentrations in humans valdecoxib does not inhibit cyclooxygenase-1 (COX-1)." Defendants deny the remaining allegations in this paragraph of the Complaint.

124.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

125.    Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

126.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

1    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

2    be prescribed by healthcare providers who are by law authorized to prescribe drugs in

3    accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

4    effective when used in accordance with its FDA-approved prescribing information.  Defendants

5    state that the potential effects of Bextra® was and is adequately described in its FDA-approved

6    prescribing information, which was at all times adequate and comported with applicable

7    standards of care and law.  Defendants deny the remaining allegations in this paragraph of the

8    Complaint.

9    127.    Defendants state that Bextra® was and is safe and effective when used in accordance

10    with its FDA-approved prescribing information.  Defendants state that the potential effects of

11    Bextra® were and are adequately described in its FDA-approved prescribing information,

12    which was at all times adequate and comported with applicable standards of care and law.

13    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

14    the Complaint.

15    128.    Defendants state that Bextra® was and is safe and effective when used in accordance

16    with its FDA-approved prescribing information.  Defendants state that the potential effects of

17    Bextra® were and are adequately described in its FDA-approved prescribing information,

18    which was at all times adequate and comported with applicable standards of care and law.

19    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

20    the Complaint.

21    129.    Defendants state that Bextra® was and is safe and effective when used in accordance

22    with its FDA-approved prescribing information.  Defendants state that the potential effects of

23    Bextra® were and are adequately described in its FDA-approved prescribing information,

24    which was at all times adequate and comported with applicable standards of care and law.

25    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

26    the Complaint.

27    130.    Defendants state that the referenced studies speak for themselves and respectfully refer

28    the Court to the studies for their actual language and text.  Any attempt to characterize the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    studies is denied. Defendants state that Bextra® was and is safe and effective when used in

2    accordance with its FDA-approved prescribing information. Defendants state that the potential

3    effects of Bextra® were and are adequately described in its FDA-approved prescribing

4    information, which was at all times adequate and comported with applicable standards of care

5    and law. Defendants deny any wrongful conduct and deny the remaining allegations in this

6    paragraph of the Complaint.

7    131.    Defendants state that Bextra® was and is safe and effective when used in accordance

8    with its FDA-approved prescribing information. Defendants state that the potential effects of

9    Bextra® were and are adequately described in its FDA-approved prescribing information,

10   which was at all times adequate and comported with applicable standards of care and law.

11   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

12   the Complaint.

13   132.    Defendants admit that the sale of Bextra® was voluntarily suspended in the U.S. market

14   as of April 7, 2005. Defendants admit that, during certain periods of time, Pfizer and

15   Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by

16   healthcare providers who are by law authorized to prescribe drugs in accordance with their

17   approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was

18   manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

19   distributed Bextra® in the United States to be prescribed by healthcare providers who are by

20   law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants

21   state that Bextra® was and is safe and effective when used in accordance with its FDA-

22   approved prescribing information. Defendants state that the potential effects of Bextra® were

23   and are adequately described in its FDA-approved prescribing information, which was at all

24   times adequate and comported with applicable standards of care and law. Defendants deny any

25   wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

26   133.    Defendants are without knowledge or information sufficient to form a belief as to the

27   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

28   Decedents used Bextra®, and, therefore, deny the same. Defendants state that Bextra® was

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    and is safe and effective when used in accordance with its FDA-approved prescribing

2    information. Defendants state that the potential effects of Bextra® were and are adequately

3    described in its FDA-approved prescribing information, which was at all times adequate and

4    comported with applicable standards of care and law. Defendants deny any wrongful conduct

5    and deny the remaining allegations in this paragraph of the Complaint.

6                    **Response to First Cause of Action: Negligence**

7    134.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

8    Complaint as if fully set forth herein.

9    135.    Defendants state that this paragraph of the Complaint contains legal contentions to

10   which no response is required. To the extent that a response is deemed required, Defendants

11   admit that they had duties as are imposed by law but deny having breached such duties.

12   Defendants state that Bextra® and Celebrex® were and are safe and effective when used in

13   accordance with their FDA-approved prescribing information. Defendants state that the

14   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

15   approved prescribing information, which was at all times adequate and comported with

16   applicable standards of care and law. Defendants deny any wrongful conduct and deny the

17   remaining allegations in this paragraph of the Complaint.

18   136.    Defendants state that this paragraph of the Complaint contains legal contentions to

19   which no response is required. To the extent that a response is deemed required, Defendants

20   admit that they had duties as are imposed by law but deny having breached such duties.

21   Defendants state that Bextra® and Celebrex® were and are safe and effective when used in

22   accordance with their FDA-approved prescribing information. Defendants state that the

23   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

24   approved prescribing information, which was at all times adequate and comported with

25   applicable standards of care and law. Defendants deny any wrongful conduct and deny the

26   remaining allegations in this paragraph of the Complaint.

27   137.    Defendants are without knowledge or information sufficient to form a belief as to the

28   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

**Gordon & Rees, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Decedents used Bextra® and Celebrex®, and, therefore, deny the same.  Defendants state that

2  Bextra® and Celebrex® were and are safe and effective when used in accordance with their

3  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

4  and Celebrex® were and are adequately described in their FDA-approved prescribing

5  information, which was at all times adequate and comported with applicable standards of care

6  and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

7  paragraph of the Complaint, including all subparts.

8  138.    Defendants are without knowledge or information sufficient to form a belief as to the

9  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

10  Decedents used Bextra® and Celebrex®, and, therefore, deny the same.  Defendants state that

11  Bextra® and Celebrex® were and are safe and effective when used in accordance with their

12  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

13  and Celebrex® were and are adequately described in their FDA-approved prescribing

14  information, which was at all times adequate and comported with applicable standards of care

15  and law.  Defendants deny any wrongful conduct, deny that Bextra® and Celebrex® are

16  unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

17  139.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

18  used in accordance with their FDA-approved prescribing information.  Defendants state that the

19  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

20  approved prescribing information, which was at all times adequate and comported with

21  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

22  remaining allegations in this paragraph of the Complaint.

23  140.    Defendants are without knowledge or information sufficient to form a belief as to the

24  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

25  Decedents used Bextra® and Celebrex®, and, therefore, deny the same.  Defendants state that

26  Bextra® and Celebrex® were and are safe and effective when used in accordance with their

27  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

28  and Celebrex® were and are adequately described in their FDA-approved prescribing

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  information, which was at all times adequate and comported with applicable standards of care

2  and law.  Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

3  Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph

4  of the Complaint.

5  141.    Defendants are without knowledge or information sufficient to form a belief as to the

6  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical

7  conditions and whether Plaintiffs and Decedents used Bextra® and Celebrex®, and, therefore,

8  deny the same.  Defendants deny any wrongful conduct, deny that Bextra® or Celebrex®

9  caused Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this

10 paragraph of the Complaint.

11 142.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

12 Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph

13 of the Complaint.

14 143.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

15 Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph

16 of the Complaint.

17          **Response to Second Cause of Action: Strict Liability**

18 144.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

19 Complaint as if fully set forth herein.

20 145.    Defendants are without knowledge or information sufficient to form a belief as to the

21 truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

22 Decedents used Bextra® and Celebrex®, and, therefore, deny the same.  Defendants admit that,

23 during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® and

24 Celebrex® in the United States to be prescribed by healthcare providers who are by law

25 authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

26 that, during certain periods of time, Bextra® and Celebrex® were manufactured  and packaged

27 for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® and

28 Celebrex® in the United States to be prescribed by healthcare providers who are by law

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state

2  that, in the ordinary case, Bextra® and Celebrex® was expected to reach users and consumers

3  without substantial change from the time of sale. Defendants deny the remaining allegations in

4  this paragraph of the Complaint.

5  146.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

6  used in accordance with their FDA-approved prescribing information. Defendants state that the

7  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

8  approved prescribing information, which was at all times adequate and comported with

9  applicable standards of care and law. Defendants deny the remaining allegations in this

10  paragraph of the Complaint.

11  147.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

12  used in accordance with their FDA-approved prescribing information. Defendants state that the

13  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

14  approved prescribing information, which was at all times adequate and comported with

15  applicable standards of care and law. Defendants deny that Bextra® or Celebrex® is defective

16  or unreasonably dangerous and deny the remaining allegations in this paragraph of the

17  Complaint.

18  148.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

19  used in accordance with their FDA-approved prescribing information. Defendants state that the

20  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

21  approved prescribing information, which was at all times adequate and comported with

22  applicable standards of care and law. Defendants deny that Bextra® and Celebrex® are

23  defective or unreasonably dangerous and deny the remaining allegations in this paragraph of the

24  Complaint, including all subparts.

25  149.    Defendants are without knowledge or information sufficient to form a belief as to the

26  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

27  Decedents used Bextra® and Celebrex®, and, therefore, deny the same. Defendants state that

28  Bextra® and Celebrex® were and are safe and effective when used in accordance with their

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

2  and Celebrex® were and are adequately described in their FDA-approved prescribing

3  information, which was at all times adequate and comported with applicable standards of care

4  and law.  Defendants deny any wrongful conduct, deny that Bextra® and Celebrex® are

5  defective, deny that Bextra® or Celebrex® caused Plaintiffs or Decedents injury or damage,

6  and deny the remaining allegations in this paragraph of the Complaint.

7  150.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

8  used in accordance with their FDA-approved prescribing information.  Defendants state that the

9  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

10  approved prescribing information, which was at all times adequate and comported with

11  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

12  Bextra® and Celebrex® are defective, and deny the remaining allegations in this paragraph of

13  the Complaint.

14  151.    Defendants are without knowledge or information sufficient to form a belief as to the

15  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

16  Decedents used Bextra® and Celebrex®, and, therefore, deny the same.  Defendants state that

17  Bextra® and Celebrex® were and are safe and effective when used in accordance with their

18  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

19  and Celebrex® were and are adequately described in their FDA-approved prescribing

20  information, which was at all times adequate and comported with applicable standards of care

21  and law.  Defendants deny any wrongful conduct, deny that Bextra® and Celebrex® are

22  defective, deny that Bextra® or Celebrex® caused Plaintiffs or Decedents injury or damage,

23  and deny the remaining allegations in this paragraph of the Complaint.

24  152.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

25  used in accordance with their FDA-approved prescribing information.  Defendants state that the

26  potential effects of Celebrex® were and are adequately described in their FDA-approved

27  prescribing information, which was at all times adequate and comported with applicable

28  standards of care and law.  Defendants deny any wrongful conduct and deny the remaining

1    allegations in this paragraph of the Complaint.

2    153.    Defendants are without knowledge or information sufficient to form a belief as to the

3    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

4    Decedents used Bextra® and Celebrex®, and, therefore, deny the same.  Defendants state that

5    Bextra® and Celebrex® were and are safe and effective when used in accordance with their

6    FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

7    and Celebrex® were and are adequately described in their FDA-approved prescribing

8    information, which was at all times adequate and comported with applicable standards of care

9    and law.  Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

10   Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph

11   of the Complaint.

12   154.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

13   used in accordance with their FDA-approved prescribing information.  Defendants state that the

14   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

15   approved prescribing information, which was at all times adequate and comported with

16   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

17   remaining allegations in this paragraph of the Complaint.

18   155.    Defendants are without knowledge or information sufficient to form a belief as to the

19   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

20   Decedents used Bextra® and Celebrex®, and, therefore, deny the same.  Defendants state that

21   Bextra® and Celebrex® were and are safe and effective when used in accordance with their

22   FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

23   and Celebrex® were and are adequately described in their FDA-approved prescribing

24   information, which was at all times adequate and comported with applicable standards of care

25   and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

26   paragraph of the Complaint.

27   156.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

28   Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-41-

1  of the Complaint.

2  157.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

3  Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph

4  of the Complaint.

5  158.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

6  Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph

7  of the Complaint.

8  **Response to Third Cause of Action: Breach of Express Warranty**

9  159.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

10  Complaint as if fully set forth herein.

11  160.    Defendants are without knowledge or information sufficient to form a belief as to the

12  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

13  Decedents used Bextra® and Celebrex®, and, therefore, deny the same.  Defendants state that

14  Bextra® and Celebrex® were and are safe and effective when used in accordance with their

15  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

16  and Celebrex® were and are adequately described in their FDA-approved prescribing

17  information, which was at all times adequate and comported with applicable standards of care

18  and law.    Defendants admit that they provided FDA-approved prescribing information

19  regarding Bextra® and Celebrex®.    Defendants deny the remaining allegations in this

20  paragraph of the Complaint.

21  161.    Defendants admit that they provided FDA-approved prescribing information regarding

22  Bextra® and Celebrex®.  Defendants deny the remaining allegations in this paragraph of the

23  Complaint.

24  162.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

25  used in accordance with their FDA-approved prescribing information.  Defendants state that the

26  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

27  approved prescribing information, which was at all times adequate and comported with

28  applicable standards of care and law.    Defendants deny the remaining allegations in this

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

1  paragraph of the Complaint.

2  163.  Defendants state that Bextra® and Celebrex® were and are safe and effective when

3  used in accordance with their FDA-approved prescribing information.  Defendants state that the

4  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

5  approved prescribing information, which was at all times adequate and comported with

6  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

7  remaining allegations in this paragraph of the Complaint.

8  164.  Defendants state that Bextra® and Celebrex® were and are safe and effective when

9  used in accordance with their FDA-approved prescribing information.  Defendants state that the

10  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

11  approved prescribing information, which was at all times adequate and comported with

12  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

13  remaining allegations in this paragraph of the Complaint.

14  165.  Defendants are without knowledge or information sufficient to form a belief as to the

15  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

16  Decedents used Bextra® and Celebrex®, and, therefore, deny the same.  Defendants state that

17  Bextra® and Celebrex® were and are safe and effective when used in accordance with their

18  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

19  and Celebrex® were and are adequately described in their FDA-approved prescribing

20  information, which was at all times adequate and comported with applicable standards of care

21  and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

22  paragraph of the Complaint.

23  166.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

24  and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare

25  providers who are by law authorized to prescribe drugs in accordance with their approval by the

26  FDA.  Defendants admit that, during certain periods of time, Bextra® and Celebrex® were

27  manufactured  and packaged for Searle, which developed, tested, marketed, co-promoted and

28  distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   providers who are by law authorized to prescribe drugs in accordance with their approval by the

2   FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

3   167.    Defendants admit that they provided FDA-approved prescribing information regarding

4   Bextra® and Celebrex®.  Defendants deny any wrongful conduct and deny the remaining

5   allegations in this paragraph of the Complaint.

6   168.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

7   used in accordance with their FDA-approved prescribing information.  Defendants state that the

8   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

9   approved prescribing information, which was at all times adequate and comported with

10  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

11  remaining allegations in this paragraph of the Complaint.

12  169.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

13  used in accordance with their FDA-approved prescribing information.  Defendants state that the

14  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

15  approved prescribing information, which was at all times adequate and comported with

16  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

17  remaining allegations in this paragraph of the Complaint.

18  170.    Defendants are without knowledge or information sufficient to form a belief as to the

19  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

20  Decedents used Bextra® and Celebrex®, and, therefore, deny the same.  Defendants state that

21  the potential effects of Bextra® and Celebrex® were and are adequately described in their

22  FDA-approved prescribing information, which was at all times adequate and comported with

23  applicable standards of care and law.  Defendants admit that they provided FDA-approved

24  prescribing information regarding Bextra® and Celebrex®.  Defendants deny the remaining

25  allegations in this paragraph of the Complaint.

26  171.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

27  Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph

28  of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

172.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

173.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fourth Cause of Action: Breach of Implied Warranty**

174.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

175.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.    Defendants admit that, during certain periods of time, Bextra® and Celebrex® were manufactured  and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.    Defendants deny the remaining allegations in this paragraph of the Complaint.

176.    Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.    Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.    Defendants admit that they provided FDA-approved prescribing information regarding Bextra® and Celebrex®.    Defendants deny the remaining allegations in this paragraph of the Complaint.

177.    Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.    Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

-45-

ANSWER TO COMPLAINT – 3:08-cv-1687-CRB

1    applicable standards of care and law.  Defendants deny the remaining allegations in this

2    paragraph of the Complaint.

3    178.    Defendants state that this paragraph of the Complaint contains legal contentions to

4    which no response is required.  To the extent that a response is deemed required, Defendants

5    state that Bextra® and Celebrex® were and are safe and effective when used in accordance

6    with their FDA-approved prescribing information.  Defendants state that the potential effects of

7    Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing

8    information, which was at all times adequate and comported with applicable standards of care

9    and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

10    paragraph of the Complaint.

11    179.    Defendants are without knowledge or information sufficient to form a belief as to the

12    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

13    Decedents used Bextra® and Celebrex®, and, therefore, deny the same.  Defendants state that

14    Celebrex® is a prescription medication which is approved by the FDA for the following

15    indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs

16    and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults;

17    (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous

18    colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g.,

19    endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing

20    spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in

21    patients two years of age and older.  Defendants admit, as indicated in the package insert

22    approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms

23    of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary

24    dysmenorrhea.  Defendants deny the remaining allegations in this paragraph of the Complaint.

25    180.    Defendants are without knowledge or information sufficient to form a belief as to the

26    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

27    Decedents used Bextra® and Celebrex®, and, therefore, deny the same.  Defendants state that

28    Bextra® and Celebrex® were and are safe and effective when used in accordance with their

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

2  and Celebrex® were and are adequately described in their FDA-approved prescribing

3  information, which was at all times adequate and comported with applicable standards of care

4  and law.    Defendants admit that they provided FDA-approved prescribing information

5  regarding Bextra® and Celebrex®.    Defendants deny the remaining allegations in this

6  paragraph of the Complaint.

7  181.    Defendants are without knowledge or information sufficient to form a belief as to the

8  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

9  Decedents used Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that,

10  in the ordinary case, Bextra® and Celebrex® was expected to reach users and consumers

11  without substantial change from the time of sale.  Defendants deny the remaining allegations in

12  this paragraph of the Complaint.

13  182.    Defendants are without knowledge or information sufficient to form a belief as to the

14  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

15  Decedents used Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that

16  Bextra® and Celebrex® were and are safe and effective when used in accordance with their

17  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

18  and Celebrex® were and are adequately described in their FDA-approved prescribing

19  information, which was at all times adequate and comported with applicable standards of care

20  and law.  Defendants deny any wrongful conduct, deny that they breached any warranty, and

21  deny the remaining allegations in this paragraph of the Complaint.

22  183.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

23  Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph

24  of the Complaint.

25  184.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

26  Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph

27  of the Complaint.

28  185.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

1    Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph

2    of the Complaint.

3    **Response to Fifth Cause of Action: Fraudulent Misrepresentation and Concealment**

4    186.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

5    Complaint as if fully set forth herein.

6    187.    Defendants state that this paragraph of the Complaint contains legal contentions to

7    which no response is required.  To the extent that a response is deemed required, Defendants

8    admit that they had duties as are imposed by law but deny having breached such duties.

9    Defendants state that Bextra® and Celebrex® were and are safe and effective when used in

10   accordance with their FDA-approved prescribing information.  Defendants state that the

11   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

12   approved prescribing information, which was at all times adequate and comported with

13   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

14   remaining allegations in this paragraph of the Complaint.

15   188.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

16   used in accordance with their FDA-approved prescribing information.  Defendants state that the

17   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

18   approved prescribing information, which was at all times adequate and comported with

19   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

20   remaining allegations in this paragraph of the Complaint.

21   189.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

22   used in accordance with their FDA-approved prescribing information.  Defendants state that the

23   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

24   approved prescribing information, which was at all times adequate and comported with

25   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

26   remaining allegations in this paragraph of the Complaint.

27   190.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

28   used in accordance with their FDA-approved prescribing information.  Defendants state that the

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

-48-

potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

191.    Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

192.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedents used Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® and Celebrex® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

193.    Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

194.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Decedents used Bextra® and Celebrex® and, therefore, deny the same. Defendants state that

2    Bextra® and Celebrex® were and are safe and effective when used in accordance with their

3    FDA-approved prescribing information. Defendants state that the potential effects of Bextra®

4    and Celebrex® were and are adequately described in their FDA-approved prescribing

5    information, which was at all times adequate and comported with applicable standards of care

6    and law. Defendants deny any wrongful conduct and deny the remaining allegations in this

7    paragraph of the Complaint.

8    195.    Defendants are without knowledge or information sufficient to form a belief as to the

9    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

10   Decedents used Bextra® and Celebrex® and, therefore, deny the same. Defendants state that

11   Bextra® and Celebrex® were and are safe and effective when used in accordance with their

12   FDA-approved prescribing information. Defendants state that the potential effects of Bextra®

13   and Celebrex® were and are adequately described in their FDA-approved prescribing

14   information, which was at all times adequate and comported with applicable standards of care

15   and law. Defendants deny any wrongful conduct and deny the remaining allegations in this

16   paragraph of the Complaint.

17   196.    Defendants are without knowledge or information sufficient to form a belief as to the

18   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

19   Decedents used Bextra® and Celebrex® and, therefore, deny the same. Defendants state that

20   Bextra® and Celebrex® were and are safe and effective when used in accordance with their

21   FDA-approved prescribing information. Defendants state that the potential effects of Bextra®

22   and Celebrex® were and are adequately described in their FDA-approved prescribing

23   information, which was at all times adequate and comported with applicable standards of care

24   and law. Defendants deny any wrongful conduct and deny the remaining allegations in this

25   paragraph of the Complaint.

26   197.    Defendants are without knowledge or information sufficient to form a belief as to the

27   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

28   Decedents used Bextra® and Celebrex® and, therefore, deny the same. Defendants state that

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

198.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedents used Bextra® and Celebrex® and, therefore, deny the same. Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

199.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedents used Bextra® and Celebrex® and, therefore, deny the same. Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

200.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

201.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph

2   of the Complaint.

3   202.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

4   Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph

5   of the Complaint.

6                 **Response to Sixth Cause of Action: Unjust Enrichment**

7   203.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

8   Complaint as if fully set forth herein.

9   204.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

10  and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare

11  providers who are by law authorized to prescribe drugs in accordance with their approval by the

12  FDA.   Defendants admit that, during certain periods of time, Bextra® and Celebrex® were

13  manufactured  and packaged for Searle, which developed, tested, marketed, co-promoted and

14  distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare

15  providers who are by law authorized to prescribe drugs in accordance with their approval by the

16  FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

17  205.    Defendants are without knowledge or information sufficient to form a belief as to the

18  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

19  Decedents used Bextra® and Celebrex® and, therefore, deny the same.  Defendants deny the

20  remaining allegations in this paragraph of the Complaint.

21  206.    Defendants are without knowledge or information sufficient to form a belief as to the

22  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

23  Decedents used Bextra® and Celebrex® and, therefore, deny the same.  Defendants deny the

24  remaining allegations in this paragraph of the Complaint.

25  207.    Defendants are without knowledge or information sufficient to form a belief as to the

26  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

27  Decedents used Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that

28  Bextra® and Celebrex® were and are safe and effective when used in accordance with their

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

2   and Celebrex® were and are adequately described in their FDA-approved prescribing

3   information, which was at all times adequate and comported with applicable standards of care

4   and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

5   paragraph of the Complaint.

6   208.    Defendants are without knowledge or information sufficient to form a belief as to the

7   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

8   Decedents used Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that

9   Bextra® and Celebrex® were and are safe and effective when used in accordance with their

10  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

11  and Celebrex® were and are adequately described in their FDA-approved prescribing

12  information, which was at all times adequate and comported with applicable standards of care

13  and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

14  paragraph of the Complaint.

15  209.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

16  Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph

17  of the Complaint.

18              **Response to Seventh Cause of Action:**

19      **Violations of State Consumer Fraud and Deceptive Trade Practices Acts**

20  210.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

21  Complaint as if fully set forth herein.

22  211.    Defendants state that this paragraph of the Complaint contains legal contentions to

23  which no response is required.  To the extent that a response is deemed required, Defendants

24  admit that they had duties as are imposed by law but deny having breached such duties.

25  Defendants deny the remaining allegations in this paragraph of the Complaint.

26  212.    Defendants are without knowledge or information sufficient to form a belief as to the

27  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

28  Decedents used Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that

*Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111*

ANSWER TO COMPLAINT – 3:08-cv-1687-CRB

1   Bextra® and Celebrex® were and are safe and effective when used in accordance with their

2   FDA-approved prescribing information.    Defendants state that the potential effects of

3   Celebrex® were and are adequately described in their FDA-approved prescribing information,

4   which was at all times adequate and comported with applicable standards of care and law.

5   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

6   the Complaint.

7   213.    Defendants are without knowledge or information sufficient to form a belief as to the

8   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

9   Decedents used Bextra® and Celebrex® and, therefore, deny the same.   Defendants state that

10  Bextra® and Celebrex® were and are safe and effective when used in accordance with their

11  FDA-approved prescribing information.    Defendants state that the potential effects of

12  Celebrex® were and are adequately described in their FDA-approved prescribing information,

13  which was at all times adequate and comported with applicable standards of care and law.

14  Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or

15  Decedents injury or damage, and deny the remaining allegations in this paragraph of the

16  Complaint.

17  214.    Defendants are without knowledge or information sufficient to form a belief as to the

18  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

19  Decedents used Bextra® and Celebrex® and, therefore, deny the same.   Defendants deny the

20  remaining allegations in this paragraph of the Complaint.

21  215.    Defendants are without knowledge or information sufficient to form a belief as to the

22  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

23  Decedents used Bextra® and Celebrex® and, therefore, deny the same.   Defendants state that

24  Bextra® and Celebrex® were and are safe and effective when used in accordance with their

25  FDA-approved prescribing information.    Defendants state that the potential effects of

26  Celebrex® were and are adequately described in their FDA-approved prescribing information,

27  which was at all times adequate and comported with applicable standards of care and law.

28  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

the Complaint.

216.     Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

217.     Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

218.     Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

219.     Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

220.     Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

221.     Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Eighth Cause of Action: Wrongful Death**

222.     Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

223.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedents used Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

224.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint the relationship of the named individuals to Decedent, and, therefore, deny the same.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

225.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Prayer For Relief

Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedents injury or damage, and deny the remaining allegations in paragraph of the Complaint headed "Prayer for Relief," including all subparts.

### III.

### GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs' Complaint that have not been previously admitted, denied, or explained.

### IV.

### AFFIRMATIVE DEFENSES

Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiffs to the extent that such defenses are supported by information developed through discovery or evidence at trial.  Defendants affirmatively show that:

### First Defense

1.    The Complaint fails to state a claim upon which relief can be granted.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Second Defense

2.     Bextra® and Celebrex® are prescription medical products.  The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products.  Defendants' labeling and warning of Bextra® and Celebrex® was at all times in compliance with applicable federal law.  Plaintiffs' causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

### Third Defense

3.     At all relevant times, Defendants provided proper warnings, information and instructions for the drugs in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4.     At all relevant times, Defendants' warnings and instructions with respect to the use of Bextra® and Celebrex® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drugs were manufactured, marketed and distributed.

### Fifth Defense

5.     Plaintiffs' action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

### Sixth Defense

6.     Plaintiffs' action is barred by the statute of repose.

### Seventh Defense

7.     Plaintiffs' claims against Defendants are barred to the extent Plaintiffs and Decedents were contributorily negligent, actively negligent or otherwise failed to mitigate Plaintiffs' damages, and any recovery by Plaintiffs should be diminished accordingly.

### Eighth Defense

8.     The proximate cause of the loss complained of by Plaintiffs is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

### Ninth Defense

9.  The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

### Tenth Defense

10.  Any injuries or expenses incurred by Plaintiffs and Decedents were not caused by Bextra® or Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

### Eleventh Defense

11.  Defendants affirmatively deny that they violated any duty owed to Plaintiffs and Decedents.

### Twelfth Defense

12.  A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Bextra® and Celebrex® are prescription medical products, available only on the order of a licensed physician.  Bextra® and Celebrex® provided adequate warnings to Plaintiffs' and Decedents' treating and prescribing physicians.

### Thirteenth Defense

13.  The products at issue were not in a defective condition or unreasonably dangerous at the time they left the control of the manufacturer or seller.

### Fourteenth Defense

14.  Bextra® and Celebrex® were at all times material to the Complaint reasonably safe and reasonably fit for their intended use and the warnings and instructions accompanying Bextra® and Celebrex® at the time of the occurrence of the injuries alleged by Plaintiffs were legally adequate for their approved usages.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Fifteenth Defense**

15.     Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the Bextra® and Celebrex® allegedly ingested by Plaintiffs and Decedents were prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.     Plaintiffs' and Decedents' alleged injuries/damages, if any, were the result of misuse or abnormal use of the products Bextra® and Celebrex® after the products left the control of Defendants and any liability of Defendants is therefore barred.

**Seventeenth Defense**

17.     Plaintiffs' alleged damages were not caused by any failure to warn on the part of Defendants.

**Eighteenth Defense**

18.     Plaintiffs' and Decedents' alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra® and Celebrex®.

**Nineteenth Defense**

19.     Plaintiffs and Decedents knew or should have known of any risk associated with Bextra® and Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

**Twentieth Defense**

20.     Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

**Twenty-first Defense**

21.     Plaintiffs' claims are barred in whole or in part under the applicable state law because the subject pharmaceutical products at issue were subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**Twenty-second Defense**

22.     The manufacture, distribution and sale of the pharmaceutical products referred to in

1  Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes,

2  and Plaintiffs' causes of action are preempted.

3  ### Twenty-third Defense

4  23.    Plaintiffs' claims are barred in whole or in part by the deference given to the primary

5  jurisdiction of the Food and Drug Administration over the subject pharmaceutical products at

6  issue under applicable federal laws, regulations, and rules.

7  ### Twenty-fourth Defense

8  24.    Plaintiffs' claims are barred in whole or in part because there is no private right of

9  action concerning matters regulated by the Food and Drug Administration under applicable

10  federal laws, regulations, and rules.

11  ### Twenty-fifth Defense

12  25.    Plaintiffs' claims are barred in whole or in part because Defendants provided adequate

13  "direction or warnings" as to the use of the subject pharmaceutical products within the meaning

14  of Comment j to Section 402A of the Restatement (Second) of Torts.

15  ### Twenty-sixth Defense

16  26.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim

17  because Bextra® and Celebrex® are prescription pharmaceutical drugs and fall within the

18  ambit of Restatement (Second) of Torts § 402A, Comment k.

19  ### Twenty-seventh Defense

20  27.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical

21  products at issue "provide[] net benefits for a class of patients" within the meaning of Comment

22  f to § 6 of the Restatement (Third) of Torts: Products Liability.

23  ### Twenty-eighth Defense

24  28.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

25  Products Liability.

26  ### Twenty-ninth Defense

27  29.    To the extent that Plaintiffs are seeking punitive damages, Plaintiffs have failed to

28  plead facts sufficient under the law to justify an award of punitive damages.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Thirtieth Defense**

30.    Defendants affirmatively aver that the imposition of punitive damages in this case would violate Defendants' rights to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitutions of the States of Michigan, Georgia, Ohio, Illinois, Utah, Florida, New York, Washington, Virginia, Texas, Louisiana, Minnesota, Colorado, New England, North Carolina, Maryland, Missouri, Kentucky, Pennsylvania, Massachusetts, Arkansas, and California, and would additionally violate Defendants' rights to substantive due process under the Fourteenth Amendment of the United States Constitution.

**Thirty-first Defense**

31.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution.

**Thirty-second Defense**

32.    The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

**Thirty-third Defense**

33.    Plaintiffs' punitive damage claims are preempted by federal law.

**Thirty-fourth Defense**

34.    In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

**Thirty-fifth Defense**

35.    Plaintiffs and Decedents failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

**Thirty-sixth Defense**

36.    To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

**Thirty-seventh Defense**

37.    Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    and labeling with respect to the subject pharmaceutical products were not false or misleading

2    and, therefore, constitute protected commercial speech under the applicable provisions of the

3    United States Constitution.

### Thirty-eighth Defense

5    38.     To the extent that Plaintiffs seek punitive damages for the conduct which allegedly

6    caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable

7    law or statute or, in the alternative, are unconstitutional insofar as they violate the due process

8    protections afforded by the United States Constitution, the excessive fines clause of the Eighth

9    Amendment of the United States Constitution, the Commerce Clause of the United States

10   Constitution, and the Full Faith and Credit Clause of the United States Constitution, and

11   applicable provisions of the Constitutions of the States Michigan, Georgia, Ohio, Illinois, Utah,

12   Florida, New York, Washington, Virginia, Texas, Louisiana, Minnesota, Colorado, New

13   England, North Carolina, Maryland, Missouri, Kentucky, Pennsylvania, Massachusetts,

14   Arkansas, and California.  Any law, statute, or other authority purporting to permit the recovery

15   of punitive damages in this case is unconstitutional, facially and as applied, to the extent that,

16   without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the

17   jury's discretion in determining whether to award punitive damages and/or the amount, if any;

18   (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct

19   will result in punitive damages; (3)  permits recovery of punitive damages based on out-of-state

20   conduct, conduct that complied with applicable law, or conduct that was not directed, or did not

21   proximately cause harm, to Plaintiffs and Decedents; (4) permits recovery of punitive damages

22   in an amount that is not both reasonable and proportionate to the amount of harm, if any, to

23   Plaintiffs and Decedents and to the amount of compensatory damages, if any; (5) permits jury

24   consideration of net worth or other financial information relating to Defendants; (6) lacks

25   constitutionally sufficient standards to be applied by the trial court in post-verdict review of any

26   punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of

27   punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including,

28   without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Production*

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    *Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*,

2    519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Thirty-ninth Defense

4    39.    The methods, standards, and techniques utilized with respect to the manufacture,

5    design, and marketing of Bextra® and Celebrex®, if any, used in this case, included adequate

6    warnings and instructions with respect to the products' use in the package inserts and other

7    literature, and conformed to the generally recognized, reasonably available, and reliable state of

8    the knowledge at the time the products were marketed.

### Fortieth Defense

10    40.    The claims asserted in the Complaint are barred because Bextra® and Celebrex® were

11    designed, tested, manufactured and labeled in accordance with the state-of-the-art industry

12    standards existing at the time of the sale.

### Forty-first Defense

14    41.    If Plaintiffs or Decedents have sustained injuries or losses as alleged in the Complaint,

15    upon information and belief, such injuries and losses were caused by the actions of persons not

16    having real or apparent authority to take said actions on behalf of Defendants and over whom

17    Defendants had no control and for whom Defendants may not be held accountable.

### Forty-second Defense

19    42.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

20    and Celebrex® were not unreasonably dangerous or defective, were suitable for the purpose for

21    which they were intended, and were distributed with adequate and sufficient warnings.

### Forty-third Defense

23    43.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches,

24    waiver, and/or estoppel.

### Forty-fourth Defense

26    44.    Plaintiffs' claims are barred because Plaintiffs' and Decedents' injuries, if any, were the

27    result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions,

28    diseases or illnesses, subsequent medical conditions or natural courses of conditions of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Plaintiffs and Decedents, and were independent of or far removed from Defendants' conduct.

### Forty-fifth Defense

45.     The claims asserted in the Complaint are barred, in whole or in part, because Bextra® and Celebrex® did not proximately cause injuries or damages to Plaintiffs and Decedents.

### Forty-sixth Defense

46.     The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs and Decedents did not incur any ascertainable loss as a result of Defendants' conduct.

### Forty-seventh Defense

47.     The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the products complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

### Forty-eighth Defense

48.     The claims must be dismissed because Plaintiffs and Decedents would have taken Bextra® and Celebrex® even if the product labeling contained the information that Plaintiffs contend should have been provided.

### Forty-ninth Defense

49.     The claims asserted in the Complaint are barred because the utility of Bextra® and Celebrex® outweighed their risks.

### Fiftieth Defense

50.     Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

### Fifty-first Defense

51.     Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined.   Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    injuries and damages, if any, of Plaintiffs and Decedents.

2                            **Fifty-second Defense**

3    52.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that

4    the common law gives deference to discretionary actions by the United States Food and Drug

5    Administration under the Federal Food, Drug, and Cosmetic Act.

6                            **Fifty-third Defense**

7    53.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

8    and Celebrex® are comprehensively regulated by the FDA pursuant to the Federal Food, Drug

9    & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated there under,

10   and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to

11   implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing

12   regulations, and with the specific determinations by FDA specifying the language that should

13   be used in the labeling accompanying Bextra® and Celebrex®.  Accordingly, Plaintiffs' claims

14   are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2,

15   and the laws of the United States.

16                           **Fifty-fourth Defense**

17   54.    Plaintiffs' misrepresentation allegations are not stated with the degree of particularity

18   required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

19                           **Fifty-fifth Defense**

20   55.    Defendants state on information and belief that the Complaint and each purported

21   cause of action contained therein is barred by the statutes of limitations contained in California

22   Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of

23   limitation as may apply.

24                           **Fifty-sixth Defense**

25   56.    Defendants state on information and belief that any injuries, losses, or damages

26   suffered by Plaintiffs or Decedents were proximately caused, in whole or in part, by the

27   negligence or other actionable conduct of persons or entities other than Defendants.  Therefore,

28   Plaintiffs' recovery against Defendants, if any, should be reduced pursuant to California Civil

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Code § 1431.2.

### Fifty-seventh Defense

57.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive damages is also barred under California Civil Code § 3294(b).

### Fifty-eighth Defense

58.    Plaintiffs' causes of action are barred by Texas Civil Practice & Remedies Code § 82.007.

### Fifty-ninth Defense

59.    Plaintiffs' causes of action are barred by Texas Civil Practice & Remedies Code § 82.003.

### Sixtieth Defense

60.    Plaintiffs' causes of action are barred by Texas Civil Practice & Remedies Code § 16.012.

### Sixty-first Defense

61.    This action is subject to the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, including (without limitation) the requirement of § 33.003 thereof that the trier of fact determine the relative responsibility of each claimant, Defendants, and responsible third-party that may be joined in the suit.

### Sixty-second Defense

62.    If Plaintiffs settle with any other person or entity, then Defendants reserve the right to make a written election of credit for settlements under § 33.014 of the Texas Civil Practice and Remedies Code.

### Sixty-third Defense

63.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

**Sixty-fourth Defense**

2  64.    Plaintiffs' claims are barred in whole or in part because any alleged defect was not

3  known or not reasonably scientifically knowable at the time the product was distributed.

4  **Sixty-fifth Defense**

5  65.    Plaintiffs' claims are barred by Plaintiffs' and Decedents' failure to comply with

6  conditions precedent to the right to recover.

7  **Sixty-sixth Defense**

8  66.    Plaintiffs' claims are barred in whole or in part by the doctrine of informed consent.

9  Plaintiffs and Decedents were informed of the risks associated with treatment and willingly

10  consented to treatment despite those risks.  Specifically, Plaintiffs and Decedents gave informed

11  consent to the prescribing physicians before taking Bextra® and Celebrex®, alone or in

12  combination with any other drug(s).

13  **Sixty-seventh Defense**

14  67.    The duty to obtain Plaintiffs' and Decedents' informed consent prior to prescribing

15  Bextra® and Celebrex® alone or in combination with any other drug(s) rested solely with the

16  prescribing physicians.

17  **Sixty-eighth Defense**

18  68.    Plaintiffs may not assert a claim against Defendants for negligent misrepresentation as

19  Plaintiffs and Decedents did not suffer a pecuniary loss as a result of any alleged

20  misrepresentation by Defendants.

21  **Sixty-ninth Defense**

22  69.    Plaintiffs' claims of negligent misrepresentation are barred by the failure to justifiably

23  rely on any alleged misrepresentation of Defendants.

24  **Seventieth Defense**

25  70.    Plaintiffs' claims of misrepresentation are barred because any alleged

26  misrepresentation on which Plaintiffs relied did not constitute a misrepresentation of material

27  facts.

28

ANSWER TO COMPLAINT – 3:08-cv-1687-CRB

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Seventy-first Defense**

71.     Plaintiffs' claims for breach of warranty are barred in whole or in part by the Defendants' disclaimers.

**Seventy-second Defense**

72.     Plaintiffs' claims for breach of warranty are barred in whole or in part because they are not in privity with Defendants.

**Seventy-third Defense**

73.     Defendants assert the defenses of expiration, limitation, and exclusion to any applicable express or implied warranty, if any be proved.

**Seventy-fourth Defense**

74.     Plaintiffs' claims are barred in whole or in part because any warranties, if made, are excluded through course of dealing, course of performance and/or usage of trade.

**Seventy-fifth Defense**

75.     Plaintiffs have failed to allege conduct warranting imposition of punitive damages under Texas law.

**Seventy-sixth Defense**

76.     The standards in Texas governing the award and review of damages for non-pecuniary damages, including damages for mental anguish and pain and suffering, are impermissibly vague or simply non-existent, and are inadequate to ensure that such awards do not include amounts intended as exemplary damages, which are impermissible in a compensatory damages award.

**Seventy-seventh Defense**

77.     Plaintiffs' claims for punitive or exemplary damages are subject to the limitations and requirements of Chapter 41 of the Texas Civil Practice and Remedies Code, including the cap on exemplary damages set out in Section 41.008(b).

**Seventy-eighth Defense**

78.     Because of the lack of clear standards, the imposition of punitive damages against Defendants is unconstitutionally vague and/or overbroad.

1

**Seventy-ninth Defense**

2    79.    No act or omission of Defendants was malicious, willful, wanton, reckless or grossly

3    negligent and, therefore, any award of punitive damages is barred.

4

**Eightieth Defense**

5    80.    Plaintiffs' claims are barred by the limitations and defenses set out in the Missouri

6    Product Liability Act, Mo. Rev. Stat. § 537. 760 *et seq.*, including but not limited to, the "state

7    of the art" defenses as defined in Mo. Rev. Stat. § 537.764.   Defendants incorporate by

8    reference all defenses and/or limitations set forth or referenced in the Missouri Product Liability

9    Act.

10

**Eighty-first Defense**

11    81.    The proximate cause of the loss complained of by Plaintiffs is not due to any acts or

12    omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the

13    part of third parties unrelated to Defendants and for whose acts or omissions Defendants is not

14    liable in any way.  Mo. Rev. Stat. § 537.765.

15

**Eighty-second Defense**

16    82.    The imposition of punitive damages in this case would violate Defendants' rights to

17    procedural due process under both the Fourteenth Amendment of the United States Constitution

18    and Article I, § 17 of the Constitution of the State of Missouri, and would additionally violate

19    Defendants' right to substantive due process under the Fourteenth Amendment of the United

20    States Constitution.

21

**Eighty-third Defense**

22    83.    Plaintiffs' claims for punitive damages are subject to all provisions of Missouri law.

23

**Eighty-fourth Defense**

24    84.    Defendants deny that they are liable for any damages in this case.  Defendants contend,

25    however, that any damage award to Plaintiffs that utilizes the Missouri joint and several

26    liability scheme would be unconstitutional, as this scheme is violative of Defendants' due

27    process and equal protection guarantees under the United States and Missouri Constitutions.

28    The Missouri joint and several liability scheme, under Mo. Rev. Stat. § 537.067, violates

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Defendants' due process guarantees because no legitimate state interest supports § 537.067, and, furthermore, no rational relationship exists between a legitimate state interest and the promotion of the Missouri joint and several liability scheme. Additionally, the Missouri system of assessing joint and several liability violates Defendants' equal protection guarantees because it operates to create arbitrary classifications of individuals, and to treat similarly situated individuals dissimilarly under the law. The joint and several liability scheme is also unconstitutionally void for vagueness under the United States and Missouri Constitutions. Thus, the scheme is unconstitutional and should not be applied in this action.

### Eighty-fifth Defense

85.     Plaintiffs' claims are barred or limited to a product liability failure to warn claim because Bextra® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k, as construed in *Grunberg v. Upjohn Co.*, 813 P.2d 89 (Utah 1991), and the application of Restatement (Third) of Torts: Products Liability § 6.

### Eighty-sixth Defense

86.     Plaintiffs' claims are barred by the Utah Product Liability Act, Utah Code Ann. § 78-15-1, *et seq.* and all defenses available thereunder.

### Eighty-seventh Defense

87.     The imposition of punitive damages pursuant to current Utah law violates the Due Process and Equal Protection provisions of United States Constitution, Amendment XIV; to wit, Defendants have not been given fair notice of the standard of conduct which could subject them to a claim for punitive damages, and have not been given fair notice of the amount of punitive damages that may accompany a finding of liability. Utah's current laws regarding punitive damages do not serve a rational or legitimate state interest.

### Eighty-eighth Defense

88.     Defendants preserve any and all defenses to Plaintiffs' claims for punitive damages including all defenses arising under the Constitution of the United States, and the Utah Constitution and Utah Code Ann. § 78-18-2.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Eighty-ninth Defense**

89.    Plaintiffs' claims for punitive damages are limited or barred by the standards governing exemplary damages awards which arise under the United States Constitution and decisions of the United States Supreme Court including, but not limited to: *BMW of North America v. Gore,* 116 U.S. 1589 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424 (2001); and *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003).  Further, Plaintiffs' claims for punitive damages are limited or barred by the standards governing exemplary damages, which arise under the Constitution of Utah, Utah state statutes, and the decisions of Utah state courts.

**Ninetieth Defense**

90.    Defendants preserve any and all defenses to Plaintiffs' claims for punitive damages including all defenses arising under the Constitution of the United States, and the Utah Constitution and Utah Code Ann. § 78-18-2.

**Ninety-first Defense**

91.    Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiffs and Decedents.  Additionally, as a manufacturer and not a seller, Defendants are not subject to liability for implied warranties without privity, *i.e.*, proof of direct and specific transactions between Plaintiffs or Decedents and Defendants.  If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiffs and Decedents failed to give timely notice of any breach thereof as required under Utah Code Ann. § 70A-2-607(3)(a).

**Ninety-second Defense**

92.    The liability of Defendants, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined.  Defendants are not liable to Plaintiffs for any amount in excess of the proportion of fault attributed to Defendants, if any, under Utah Code Ann. §§ 78-27-38-40.  Defendants hereby request that the jury find separate, special verdicts determining the total amount of damages sustained, if any, and a percentage or proportion of fault attributable to each

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

person seeking recovery, to Defendants, and to any other person whether joined as a party to this action or not and whose identity is known or unknown to the parties to this action, including a person immune from suit who may have contributed to Plaintiffs' and Decedents' alleged injuries. Defendants hereby reserve their right under Utah Code Ann. § 78-27-41(4) to seek allocation of fault to nonparties at such time as Defendants obtain information that any such party may be at fault for all or any of the injuries alleged in the complaint.

### Ninety-third Defense

93.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

### Ninety-fourth Defense

94.    Defendants plead the applicability of the Washington Products Liability Act, RCW 7.72 et seq., and specially aver that Plaintiff's common law claims are preempted by the statute and must be dismissed.

### Ninety-fifth Defense

95.    In the event Plaintiffs recover a verdict or judgment against Defendants, then said verdict or judgment must be reduced pursuant to CPLR 4545(c), and/or other applicable State or Commonwealth statutes, by those amounts which have, or will, with reasonable certainty, replace or indemnify Plaintiffs, in whole or in part, for any past or future claimed medical expenses or other such economic loss, paid from any collateral source such as insurance, social security, workers' compensation or employee benefit programs.

### Ninety-sixth Defense

96.    In accordance with CPLR 1601 et seq., and/or other applicable State or Commonwealth statutes, the liability of Defendants, if any, to Plaintiffs for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom Plaintiffs could have obtained personal jurisdiction with due diligence.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Ninety-seventh Defense**

97.    In accordance with General Obligations Law 15-108, if Plaintiffs or Decedents executed a release or a covenant not to sue for a tortfeasor in this action, Plaintiffs' damage claim against Defendants is reduced to the extent of any amount stipulated by the release or covenant, or in the amount of consideration paid for it, or in the amount of the released tortfeasor's equitable share of the damages under CPLR 1401 et seq., whichever is greatest.

**Ninety-eighth Defense**

98.    The conduct of Defendants and all activities with respect to the subject products were fair and truthful based upon the knowledge existing at the relevant time alleged in the Complaint.  Therefore, Plaintiffs' claims under New York Business Corporation Law § 349 are barred.

**Ninety-ninth Defense**

99.    Defendants are entitled to, and claim the benefit of, all defenses and presumptions set forth or arising from any rule of law or statute in the State of Nebraska.

**One hundredth Defense**

100.    The claims asserted in the Complaint are barred, in whole or in part, because Defendants did not violate the Illinois Consumer Fraud and Deceptive Business Practice Act, 815 ILCS 505/1 et seq., and/or this Act is not applicable to this matter and/or to these Plaintiffs.

**One hundred first Defense**

101.    Defendants reserve the right to supplement its assertion of defenses as they continue with its factual investigation of Plaintiffs' claims.

**One hundred second Defense**

102.    Plaintiffs' claims for punitive damages cannot be sustained because such damages are barred by Massachusetts law.

**One hundred third Defense**

103.    Plaintiffs' claims are barred and/or limited by Pennsylvania law.

**One hundred fourth Defense**

104.    The imposition of punitive damages in this case would violate Defendant's rights to

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    procedural due process under both the Fourteenth Amendment of the United States Constitution

2    and Article I, § 17 of the Constitution of the State of Pennsylvania, and would additionally

3    violate Defendants' right to substantive due process under the Fourteenth Amendment of the

4    United States Constitution.

5                                    **One hundred fifth Defense**

6    105.    The claims asserted in the Complaint are barred, in whole or in part, because

7    Defendants did not violate the Kentucky Consumer Protection Act, KRS 367.170 et seq., and/or

8    this Act is not applicable to this matter and/or to these Plaintiffs.

9                                    **One hundred sixth Defense**

10   106.    Defendants incorporate by reference, as though set out in full herein, any and all

11   defenses which are or may become available to them under the Product Liability Act of

12   Kentucky, KRS § 411.300-411.350.

13                                   **One hundred seventh Defense**

14   107.    Defendants incorporate by reference, as though set out in full herein, any and all

15   defenses which are or may become available to them under the Uniform Commercial Code as

16   adopted in Kentucky, KRS Sub. Chap. 355.

17                                   **One hundred eighth Defense**

18   108.    The products in question were approved as safe and effective by the FDA and the

19   labeling for said products was in compliance with FDA's approval at the time the products left

20   the control of one or more Defendants and hence, Plaintiffs' claims are barred by MCL

21   600.2946(5).

22                                   **One hundred ninth Defense**

23   109.    Plaintiffs' claim for non-economic damages is capped pursuant to MCL 600.2946a.

24                                   **One hundred tenth Defense**

25   110.    To the extent Plaintiffs prove that the products in question caused or contributed to any

26   injury they may have suffered, which is denied by these Defendants, these Defendants should

27   not be liable to warn as Plaintiffs cannot prove that the scientific, technical or medical

28   information that was reasonably available at the time was known or should have been known by

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    the Defendants. MCL 600.2948.

2    **One hundred eleventh Defense**

3    111.    Defendants assert all of the protections and defenses afforded them, and Plaintiffs'

4    claims of liability or damages are limited pursuant to the Michigan Products Liability Act

5    including specifically, but not limited to MCL 600.2946 through MCL 600.6306, including

6    MCL 600.2946, MCL 600.2946(a), MCL 600.2947, MCL 600.2948, MCL 600.2956, MCL

7    600.2957 and MCL 600.2959.

8    **One hundred twelfth Defense**

9    112.    The products alleged to have caused damages may not have been used in the manner

10    and for the purposes intended.   Such improper use and/or abuse of the products for an

11    unforeseeable purpose and in an unforeseeable manner may have proximately caused or

12    contributed to the alleged injuries, if any, and therefore there is no recovery available against

13    Defendants pursuant to MCL 600.2947.

14    **One hundred thirteenth Defense**

15    113.    Plaintiffs' claim for non-economic damages is barred for the reason that Plaintiffs' and

16    Decedents' percentage of comparative fault is greater than the aggregate fault of the Defendants

17    and non-parties hereto, pursuant to MCL 600.2959 and MCL 600.6306; but that to the extent

18    allowable, must be reduced in total or part pursuant to 600.2946(a).

19    **One hundred fourteenth Defense**

20    114.    The claims set forth in Plaintiffs' Complaint are barred in that the products in question

21    were provided to sophisticated users. In this case, the "user" would include any prescribing

22    physician.

23    **One hundred fifteenth Defense**

24    115.    Plaintiffs and Decedents failed to make every reasonable effort to mitigate, prevent

25    and/or reduce their alleged damages, injuries, and monetary losses.

26    **One hundred sixteenth Defense**

27    116.    Plaintiffs' claims, part of Plaintiffs' claims, or evidence relating to Plaintiffs' claims

28    may be barred in whole or in part due to possible spoliation of evidence by Plaintiffs or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Decedents, or those within Plaintiffs' or Decedents' control or with full knowledge of Plaintiffs

2    or Decedents.

3    **One hundred seventeenth Defense**

4    117.     Any claims for punitive damages are barred in that they are not allowable under

5    Michigan law. To the extent that they are allowed contrary to Michigan law, such claims further

6    violate Defendants' constitutional rights under the following clauses of the United States

7    Constitution, as well as any similar provisions under the Michigan Constitution: Commerce

8    Clause, Contracts Clause, Supremacy Clause, Due Process, Takings Clause, Excessive Fines

9    and Equal Protection.

10    **One hundred eighteenth Defense**

11    118.     Plaintiffs' misrepresentation allegations are not stated with the degree of particularity

12    required by Rule 9 of the Arkansas Rules of Civil Procedure, and should be dismissed.

13    **One hundred nineteenth Defense**

14    119.     Any claims for breach of warranty are barred for lack of reasonable reliance, lack of

15    timely notice, lack of privity, and because the alleged warranties were excluded and/or

16    disclaimed.

17    **One hundred twentieth Defense**

18    120.     Plaintiffs' claims are barred and/or limited by the provisions of the Arkansas Products

19    Liability Act, Ark. Code Ann. § 16-116-101, et seq.

20    **One hundred twenty-first Defense**

21    121.     Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Arkansas

22    Civil Justice Reform Act of 2003, Ark. Code Ann. § 16-55-201 et seq.

23    **One hundred twenty-second Defense**

24    122.     Any injuries and damages suffered by Plaintiffs or Decedents, which injuries and

25    damages are expressly denied, are the direct and proximate result of Plaintiffs' and Decedents'

26    own comparative and contributory negligence and Plaintiffs' recovery should be barred, or

27    alternatively, reduced proportionately to Plaintiffs' and Decedents' own comparative

28    negligence.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**One hundred twenty-third Defense**

123.    Upon information and belief, Plaintiffs' claims may be barred by the provisions of N.C. Gen. Stat. § 99B-4(1) in that the use of the product may have been contrary to express and adequate instructions or warnings provided to Decedent by Decedent's physician(s).

**One hundred twenty-fourth Defense**

124.    Upon information and belief, Plaintiffs and Decedents continued to use Celebrex® and Bextra® after learning of their alleged defects.  Accordingly, Plaintiffs' claims are barred by North Carolina common law and N.C. Gen. Stat. § 99B-4(2).

**One hundred twenty-fifth Defense**

125.    If it is discovered that Plaintiffs and Decedents failed to exercise reasonable are under the circumstances in the use of Celebrex® and Bextra®, and that failure was a proximate cause of Plaintiffs' and Decedents' alleged injuries, then the provisions of N.C. Gen. Stat. § 99B-4(3) are pled as a complete bar to Plaintiffs' right to recover against Defendants.

**One hundred twenty-sixth Defense**

126.    Plaintiffs' claims are barred by N.C. Gen. Stat. § 99B-5(c), which expressly limits Defendants' responsibility to provide product warnings directly to consumers of prescription drugs.

**One hundred twenty-seventh Defense**

127.    Plaintiffs' product liability claims are barred by the defenses recognized by N.C. Gen. Stat. § 99B-6, and all of its subparts.

**One hundred twenty-eighth Defense**

128.    To the extent not separately stated, Defendants plead as an affirmative defense all the applicable defenses provided in N.C. Gen. Stat. Ch. 99B.

**One hundred twenty-ninth Defense**

129.    Plaintiffs' claims are barred and/or limited in accordance with Colo. Rev. Stat. §§ 13-21-401 through 13-21-406 and Colo. Rev. Stat. §§ 13-21-102, 102.5, 111.5, 111.6 and 111.7.

**One hundred thirtieth Defense**

130.    Defendants made no warranties of any kind, express or implied, or any representations

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

of any nature whatsoever to Plaintiffs or Decedents herein. Additionally, as manufacturers and not sellers, Defendants are not subject to liability for implied warranties without privy, i.e., proof of direct and specific transactions between Plaintiffs or Decedents and Defendants. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiffs and Decedents failed to give timely notice of such breach therefore as required under Colo. Rev. Stat. Ann. § 4-2-607(3)(a).

### One hundred thirty-first Defense

131.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by Virginia Code § 8.01-38.1.

### One hundred thirty-second Defense

132.    Plaintiffs' fraud-based claims, if any, are not stated with particularity as required by Rule 1.120 of the Florida Rules of Civil Procedure.

### One hundred thirty-third Defense

133.    Plaintiffs' claims are barred because Celebrex® was and Bextra® were designed, manufactured, and marketed in accordance with the state of the art at the time of manufacture per § 768.1257, Florida Statutes.

### One hundred thirty-fourth Defense

134.    Celebrex® and Bextra® are not defective or unreasonably dangerous, and Defendants are not liable because, at the time of sale or distribution of the Celebrex® and Bextra® alleged to have been used by Plaintiffs and Decedents, Defendants had complied with applicable regulations of the federal Food & Drug Administration and are entitled to application of § 768.1256, Florida Statutes.

### One hundred thirty-fifth Defense

135.    Plaintiffs' and Decedents' injuries and damages, if any, were proximately caused by the negligence or fault of Plaintiffs and Decedents, or persons or parties whose identities are unknown at this time, and such comparative negligence or fault is sufficient to proportionately reduce or bar Plaintiffs' recovery. Thus, Defendants are entitled to have their liability to the Plaintiffs, if any, reduced as a result of the negligence or fault of said persons or entities,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  pursuant to the provisions of § 768.81, Florida Statutes.  To the extent any recovery is permitted

2  in this case, pursuant to §§ 768.31 and 768.81, Florida Statutes, judgment must be entered on

3  the basis of Defendants' percentage of fault, taking into account the percentage of fault

4  attributable to all other persons, whether or not a party hereto, and not on the basis of joint and

5  several liability.    The persons or entities referred to in this paragraph that are presently

6  unknown to Defendants will be identified in a timely manner consistent with *Nash v. Wells*

7  *Fargo*, 678 So. 2d 1262 (Fla. 1996).

8  **One hundred thirty-sixth Defense**

9  136.    Plaintiffs fail to state a claim for violation of The Florida Deceptive and Unfair Trade

10  Practices Act ("FDUTPA").

11  **One hundred thirty-seventh Defense**

12  137.    FDUTPA does not apply to claims for personal injuries, and, accordingly, Plaintiffs'

13  FDUTPA claim is improper and should be dismissed.

14  **One hundred thirty-eighth Defense**

15  138.    The acts or practices of which Plaintiffs complain were and are required or specifically

16  permitted by federal or state law.  Therefore, Plaintiffs' FDUTPA claim is barred, fails to state

17  a claim, and should be dismissed with prejudice.

18  **One hundred thirty-ninth Defense**

19  139.    Plaintiffs lack standing because Defendants did not engage in deceptive conduct with

20  regard to Plaintiffs or otherwise.

21  **One hundred fortieth Defense**

22  140.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by § 2315.21 of

23  the Ohio Revised Code and are subject to all provisions of the Ohio Revised Code.

24  **One hundred forty-first Defense**

25  141.    Plaintiffs' damages, if any, are barred or limited by the payments received from

26  collateral sources and the provisions of the Ohio Revised Code.

27  **One hundred forty-second Defense**

28  142.    Plaintiffs' fraud-based claims, if any, are not stated with particularity as required by

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Ohio law.

### One hundred forty-third Defense

143.    Plaintiffs' damages, if any, must be reduced by the percentage of fault attributable to Plaintiffs and to nonparties as provided by the Ohio Revised Code.

### One hundred forty-fourth Defense

144.    One or more of Plaintiffs' claims for damages are subject to statutory limits on certain types of damages, and the Court is without jurisdiction to enter judgment for Plaintiffs beyond the limits set forth in the Ohio Revised Code.

### One hundred forty-fifth Defense

145.    Defendants avail themselves of all of the provisions, defenses, and standards of proof in O.C.G.A. § 51-12-5.1 concerning punitive damages.

### One hundred forty-sixth Defense

146.    Plaintiffs' claims for strict liability are barred as to Defendants inasmuch as Defendants are not a manufacturer of the drugs Bextra® and Celebrex® within the meaning of O.C.G.A. § 51-1-11(b)(1) and applicable Georgia law.

### One hundred forty-seventh Defense

147.    Plaintiffs' claims for fraud and misrepresentation(s) are barred and should be dismissed because they have not been pled with sufficient particularity to meet the requirements of O.C.G.A. § 9-11-9(b).

### One hundred forty-eighth Defense

148.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

### One hundred forty-ninth Defense

149.    Plaintiffs' damages, if any, are limited by the failure to mitigate by Plaintiffs.

### One hundred fiftieth Defense

150.    Defendants are entitled to credit for any settlement of claims for alleged injuries and damages made by Plaintiffs or Decedents with any other person or entity.



Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**One hundred fifty-first Defense**

151.    The claims asserted in Plaintiffs' Complaint are barred, in whole or in part, by the doctrines of primary jurisdiction and exhaustion of administrative remedies, because the FDA has exclusive or primary jurisdiction over the matters asserted in Plaintiffs' Complaint.

**One hundred fifty-second Defense**

152.    Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiffs' claims.

**V.**

**PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1.    That Plaintiffs take nothing from Defendants by reason of the Complaint;

2.    That the Complaint be dismissed;

3.    That Defendants be awarded their costs for this lawsuit;

4.    That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiffs' and Decedents' alleged injuries, losses or damages is attributable to each person;

5.    That any judgment for damages against Defendants in favor of Plaintiffs be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiffs' and Decedents' injuries and damages; and

6.    That Defendants have such other and further relief as the Court deems appropriate.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

ANSWER TO COMPLAINT – 3:08-cv-1687-CRB

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

April 24, 2008                        GORDON & REES LLP


By: :_____/s/_____

    Stuart M. Gordon
    sgordon@gordonrees.com
    Embarcadero Center West
    275 Battery Street, 20th Floor
    San Francisco, CA 94111
    Telephone:  (415) 986-5900
    Fax:  (415) 986-8054


April 24, 2008                        TUCKER ELLIS & WEST LLP


By: :_____/s/_____

    Michael C. Zellers
    michael.zellers@tuckerellis.com
    515 South Flower Street, Suite 4200
    Los Angeles, CA 90071
    Telephone:  (213) 430-3400
    Fax:  (213) 430-3409

    Attorneys for Defendants
    PFIZER INC, PHARMACIA
    CORPORATION, and G.D. SEARLE
    LLC

**JURY DEMAND**

Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC hereby demand a trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil Procedure.

April 24, 2008                                     GORDON & REES LLP


By: :_____/s/_____

Stuart M. Gordon
sgordon@gordonrees.com
Embarcadero Center West
275 Battery Street, 20th Floor
San Francisco, CA  94111
Telephone:  (415) 986-5900
Fax:  (415) 986-8054

April 24, 2008                                     TUCKER ELLIS & WEST LLP


By: :_____/s/_____

Michael C. Zellers
michael.zellers@tuckerellis.com
515 South Flower Street, Suite 4200
Los Angeles, CA 90071
Telephone:  (213) 430-3400
Fax:  (213) 430-3409

Attorneys for Defendants
PFIZER INC, PHARMACIA
CORPORATION, and G.D. SEARLE
LLC

ANSWER TO COMPLAINT – 3:08-cv-1687-CRB